

CV 99-01227 #00000216

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KHALIL NOURI, *et al.*,<br><br>               Plaintiffs,<br>v.<br>THE BOEING COMPANY,<br><br>               Defendant. | No. C99-1227L<br><br>ORDER GRANTING PLAINTIFFS' THIRD REQUEST FOR CLASS CERTIFICATION |

Having reviewed plaintiffs' Fourth Amended Consolidated Class Action Complaint and the supplemental memoranda submitted by the parties, the Court reiterates its earlier finding that plaintiffs' proposed class satisfies the four elements of Fed. R. Civ. P. 23(a) and concludes that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" under Fed. R. Civ. P. 23(b)(3). Plaintiffs Khalil Nouri, Lear Lavi, Ahmad Golchin, Syed Rizvi, Mike Taing, Elena Olinares, and Bao Trinh are hereby certified as representatives of a class of "all current and former employees whose national origin or ethnic background is from Cambodia, Vietnam, the Phillippines, India, Pakistan, Afghanistan or Iran, who have been employed at Boeing's facilities in the state of Washington as salaried employees in Paycodes 2T or 4, below the level of first

ORDER GRANTING PLAINTIFFS' THIRD
MOTION FOR CLASS CERTIFICATION



level manager at any time from October 12, 1996 through the present."[1]  The class representatives have agreed to forego their individual claims of discrimination in promotions, etc., making class treatment of the remaining overarching discrimination claims possible without jeopardizing the fair and efficient resolution of this matter.

Plaintiffs' motion for class certification is therefore GRANTED.  The parties shall confer to determine whether any additional discovery is necessary and how long it is likely to take.  Counsel shall provide the information to my judicial assistant, Teri Roberts, within five days of the date of this Order.  Unless no further discovery is necessary, a revised case management order will issue shortly thereafter.

DATED this 22nd day of May 2002.

_____
Robert S. Lasnik
United States District Judge

---

[1] As discussed in this Court's Order Denying Defendant's Motion to Strike Certain Claims Under 42 U.S.C. § 1981 (dated 5/24/01), any claims plaintiffs had under 42 U.S.C. § 1981 that arose prior to October 12, 1996, are barred by the applicable statute of limitations.  Plaintiffs seek certification of a class period that coincides with their section 1981 claims, even though they acknowledge that their disparate treatment claims under Title VII run from March 4, 1999, and their disparate impact claims extend no further back than September 14, 2000 (300 days prior to the filing of Mr. Taing's EEOC charge on July 11, 2001).

ORDER GRANTING PLAINTIFFS' THIRD
MOTION FOR CLASS CERTIFICATION                -2-