\_\_\_\_ FILED \_\_\_\_ ENTERED
\_\_\_\_ LODGED \_\_\_\_ RECEIVED

MAR 25 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KHALIL NOURI, et al.,

        Plaintiffs,

v.

THE BOEING COMPANY,

        Defendant.

No. C99-1227L

ORDER GRANTING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT ON
CLASS CLAIMS

        This matter comes before the Court on "Defendant's Motion for Summary Judgment on Class Claims." Defendant argues that (1) plaintiffs have failed to raise an inference of discrimination based on any particular "race" or "national origin" under either Title VII or 42 U.S.C. § 1981; (2) plaintiffs' claims regarding retention ratings fail as a matter of law because the assignment of such ratings is not an actionable event; (3) plaintiffs' disparate impact claim fails because they cannot identify the specific employment practice that resulted in the alleged impact; (4) plaintiffs should be precluded from presenting evidence of events that occurred outside the limitations period; and (5) there is no statistical support for plaintiffs' claims of discrimination against technical workers.

Having considered the pleadings, declarations, and exhibits[1] submitted by the parties, the Court finds as follows:

(1) During the class certification stage of this litigation, plaintiffs alleged and provided statistical evidence to show that the various members of the proposed class had been similarly injured by Boeing's employment practices. Plaintiffs have now abandoned their nation-by-nation analysis in favor of statistics which aggregate the injuries of all class members into one undifferentiated number. Defendant argues that plaintiffs will not be able to prove discrimination against any particular race or national origin based on such aggregated statistics. Although plaintiffs' choice of statistical analysis will undoubtedly make it more difficult for the jury to determine whether Boeing discriminated against Afghans, Filipinos, or Asians,[2] plaintiffs will be permitted to present their case in the manner they see fit. Plaintiffs must, however, realize that they have the burden of proving by a preponderance of the evidence that Boeing discriminated on the basis of race or national origin.

(2) The mere assignment of a retention rating, without more, is not an actionable event under Title VII because it does not impact the employee's "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1). Plaintiffs do not contest this fact. See Opposition at 10. Nevertheless, plaintiffs seek to go forward with their retention rating claim because some members of the class may have been laid off as a result of the ratings they were assigned. Even if the Court assumes that, at the damages stage, some individual class members

---

[1] The Court has not considered "Plaintiffs' Surreply to Defendant's Motion for Summary Judgment on Class Claims." All of the issues discussed in that unauthorized and untimely memorandum were, or should have been, raised in opposition.

[2] References to "Asians" during trial should be limited to circumstances in which counsel or a witness is referring to a protected group and/or the race to which many class members belong. The term "Asian" should not be used as a short hand reference to class members because it does not accurately describe the entire class.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON CLASS CLAIMS                          -2-

will be able to prove that they suffered an adverse employment action because of their retention rating, the fact that such individuals may have a valid Title VII claim does not give rise to a class-wide claim based on an earlier non-actionable event. There is no class-wide claim related to layoffs and plaintiffs have conceded that retention ratings, standing alone, are not an actionable event. Plaintiffs' retention rating claim fails as a matter of law.

(3) An employer's decisionmaking process may be analyzed as a single employment practice if the various elements of the process are not capable of separation for analysis. 42 U.S.C. § 2000e-2(k)(1)(B)(I). Boeing's subjective salary-review process does not involve separate segments that could be evaluated independently to see which one, if any, adversely impacted the plaintiff class. In these circumstances, plaintiffs have adequately identified the employment practice they believe has caused a disparate impact on the basis of race and/or national origin.

(4) Statistics and anecdotal evidence regarding events that occurred outside the limitations periods are relevant to both intent and punitive damages. Although plaintiffs will not be permitted to recover damages related to pre-statute of limitations events, evidence of such events is admissible for other purposes.

(5) Plaintiffs' statistical evidence regarding salary differences among union technical workers raises an inference of discrimination between March 2, 1996 and March 1, 2001 when the difference in units of standard deviation ranged from 2.37 to 2.93 (with an average of 2.68). Decl. of Bernard R. Siskin (dated 10/24/03), Table ST 1. For the period after March 1, 2001, however, the differences between class members' expected salaries and their actual salaries are so small that they are more likely the result of random chance than the employees' race and/or national origin. Even when combined with the testimony of plaintiffs' experts and the anecdotal evidence offered by individual class members, this evidence is insufficient to raise a genuine issue of fact regarding the possibility of discrimination after March 1, 2001.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON CLASS CLAIMS                -3-

For all of the foregoing reasons, defendant's motion for summary judgment regarding class claims is GRANTED in part and DENIED in part. Although the Court has concerns regarding plaintiffs' ability to establish discrimination against any particular race or national origin, plaintiffs will be permitted to present their aggregated statistical analysis to the jury. Plaintiffs' retention rating claim fails as a matter of law, however, as does the technical workers' compensation claim for the period after March 1, 2001.

DATED this 24th day of March, 2004.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON CLASS CLAIMS                    -4-